UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CMM-CM, LLC, d/b/a MULLER CONSTRUCTION, <br><br> Plaintiff(s), <br><br> v. <br><br> VCON, INC., et al., <br><br> Defendant(s). | Case No. 2:21-CV-542 JCM (VCF) <br><br> ORDER |

Presently before the court are defendant VCON, LLC's ("VCON") motions to compel arbitration and to stay this case. (ECF Nos. 10, 11). Plaintiff CMM-CM, LLC, dba Muller Construction ("Muller"), did not respond and the time to do so has passed.

Also before the court are Muller's motions to remand and to stay this case. (ECF Nos. 12, 13). VCON responded in opposition (ECF No. 15) to which Muller replied (ECF No. 16).

I. **BACKGROUND**

Subcontractor Muller alleges that general contractor VCON owes $283,411.73 for framing and drywall work done on the Vineyard Main Street Henderson construction project. (Compl., ECF No. 1-1 ¶ 7). The property is owned by Vineyard Main Street Henderson, LLC ("Vineyard"). (ECF No. 10 at 4). Muller alleges that the project "suffered significant delays from poor on-site management." (ECF No. 12 at 2). VCON's project manager sent Muller three non-compliance notices, prompting Muller to respond that the issues on the site were "a direct result of the project manager's negligence." (ECF No. 1-1 ¶ 11). Muller "performed all of its duties" until they were instructed by VCON to stop work. (*Id.* ¶ 15).

"Despite continuous attempts to contact VCON, Muller was never given clearance to continue, and Muller's contract for work was never terminated." (ECF No. 12 at 2). Muller recorded a $283,411.73 mechanic's lien on the project property. (ECF No. 1-1 ¶ 16). VCON, as principal, later recorded a mechanic's lien release bond, naming North American Specialty Insurance Company ("NASIC") as the surety. (*Id.* ¶ 18).

Muller sued VCON and NASIC in Nevada state court for breach of contract and to enforce its mechanic's lien. (ECF No. 1-1). VCON removed the case to this court (ECF No. 1) and now moves to compel arbitration. (ECF No. 10). Muller—a Nevada LLC—responded with a motion to remand, arguing that because NASIC is an insurer of Vineyard—also a Nevada LLC according to Muller—it is treated as a Nevada citizen under 28 U.S.C. § 1332(c)(1)(A), thus destroying complete diversity and depriving this court of diversity jurisdiction. (ECF No. 12 at 3).

## II.  LEGAL STANDARD

### A. Motion to Remand

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Accordingly, there is a strong presumption against removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Under the removal statute, a defendant may remove any civil action over which the federal district court has original jurisdiction. 28 U.S.C. § 1441(a).

A plaintiff can challenge removal with a motion to remand. 28 U.S.C. § 1447(c). The removing defendant must prove by a preponderance of the evidence that the court has original jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Thus, if removal is based on diversity jurisdiction, the removing defendant must show by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $ 75,000. 28 U.S.C. § 1332(a). Complete diversity exists where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). When removing a case, defendants are "merely required to allege (not to prove)" the citizenship of the parties. *See Kanter v. Warner-*

*Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Ambiguities are resolved in favor of remand. *Hunter*, 582 F.3d at 1042.

### B. Motion to Compel Arbitration

Congress passed the Federal Arbitration Act ("FAA") nearly 100 years ago "in response to widespread judicial hostility to arbitration agreements." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). An arbitration provision in a written contract affecting interstate commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The statute reflects a strong federal policy in favor of arbitration and requires the court to "place arbitration agreements on an equal footing with other contracts." *Concepcion*, 563 U.S. at 339; *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983).

The court's limited role under the FAA is to determine (1) whether a valid agreement to arbitrate exists and (2) whether the agreement covers the dispute at issue. *Nguyen v. Barnes and Noble, Inc.*, 763 F.3d 1171, 1175 (9th Cir. 2014). In making these determinations, the court must apply state contract law and resolve all ambiguities in favor of arbitration. *Id.* The FAA leaves no discretion to the court; it must stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement. *Id.*; *see also Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 218 (1985).

### III. DISCUSSION

As a preliminary matter, the court will decide Muller's motion to remand (ECF No. 12)—which argues that the court lacks diversity jurisdiction—before VCON's motion to compel arbitration (ECF No. 10). *See Countrywide Home Loans, Inc., v. Mortg. Guar. Ins. Corp.*, 642 F.3d 849, 854 (9th Cir. 2011) ("In order for a court to adjudicate an FAA claim, . . . it must have proper jurisdiction over the conflict even assuming the parties had never entered into an agreement to arbitrate" because the FAA "does not confer federal jurisdiction.").

. . .

. . .

### A. Muller's Motion to Remand

Muller's remand motion turns on whether NASIC is an insurer of the project property owner Vineyard. If it is, then it takes on Vineyard's purported Nevada citizenship under the diversity statute which would destroy complete diversity. The diversity statute states that "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of every State and foreign state of which the insured is a citizen." 28 U.S.C. § 1332(c)(1)(A).

Muller briefly argues that NASIC is an insurer of Vineyard because "a bonding agreement is a contract of insurance." (ECF No. 12 at 4). "The bond was filed for the purpose of covering liability towards the [p]roperty." (*Id.*). "By filing the surety bond, and the surety bond release, [NASIC] stepped into Vineyard's shoes for purposes of liability on the lien claim." (*Id.* (citing Nev. Rev. Stat. § 108.2415(6)). And if there is any doubt over how to interpret and apply § 1332(c)(1)(A), the doubt must be resolved in favor of remand. (*Id.*).

VCON responds that NASIC is a *surety of VCON*, not an insurer of Vineyard, so the diversity statute does not apply. (ECF No. 15 at 4). The court agrees with Muller that courts have yet to decide whether a surety of a mechanic's lien release bond triggers § 1332(c)(1)(A). (ECF No. 16 at 3–4). But similar cases are instructive and counsel against adopting Muller's view that this diversity statute applies here. *See, e.g.*, *Burgoyne v. Frank B. Hall & Co. of Hawaii, Inc.*, 781 F.2d 1418, 1420 (9th Cir. 1986) (holding that because a surety on a supersedeas bond is "not a liability insurer, § 1332(c) is inapplicable to suits against sureties"); *Landworks Creations, LLC v. U.S. Fid. & Guar. Co.*, No. CIV. 05-40072-FDS, 2005 WL 3728719, at *2 (D. Mass. Nov. 15, 2005) (denying remand because a "performance bond is not a liability insurance policy within the meaning of § 1332(c)(1)").

But even if the court applied § 1332(c)(1)(A) and deemed NASIC a citizen of the state of its insured, its "insured" would not be Vineyard. It would be VCON, the principal on the mechanic's lien release bond. (ECF No. 15 at 7). Muller does not respond to this point in its reply; it focuses on Vineyard's citizenship only. (ECF No. 16 at 5–6). And Muller

never alleges—neither in its complaint nor remand motion—that VCON is a Nevada citizen. (*See* ECF No. 1-1 ¶ 2 ("Upon information and belief, Defendant VCON, LLC is a foreign limited liability company doing business in Nevada.")). Limited liability companies like VCON are citizens of every state of its members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "[T]o remove any doubt," VCON asserts it is a citizen of North Carolina, Georgia, Florida, South Carolina, and Texas. (ECF No. 15 at 7–8).

In sum, even if the court applied §1332(c)(1)(A), it would look to the citizenship of VCON and not Vineyard. And Muller never alleges that VCON is a Nevada citizen which would destroy complete diversity. To the contrary, VCON asserts it is not a Nevada citizen. For this reason, Muller's motion to remand (ECF No. 10) is DENIED.

**B. VCON's Motion to Compel Arbitration**

The court now turns to VCON's motion to compel arbitration.[1] To begin with, Muller never filed points and authorities in opposition to the motion. Instead, it moved to stay the case until a ruling on its remand motion because, if the case were remanded, "then all progress . . . in this court will have been for naught." (ECF No. 13 at 1). The court is not persuaded. VCON would likely have moved in the state court to compel arbitration as well. Still, a "the failure of an opposing party to file points and authorities in response to" a remand motion "constitutes a consent to the granting of the motion." LR 7-2(d). Thus, VCON's motion to compel arbitration can be granted on this basis alone.

---

[1] In doing so, the court applies North Carolina law. A court with diversity jurisdiction applies the forum's choice-of-law rules. Under Nevada's choice-of-law rules, a choice-of-law provision "applies to the enforceability of [an] arbitration agreement to the extent [the law chosen by the parties] is not inconsistent with the [FAA]." *Siy v. CashCall, Inc.*, No. 2:13-cv-00953-PAL, 2014 WL 37879, at *2 (D. Nev. Jan. 6, 2014). There must also be a substantial relationship between the chosen forum and the transaction and the provision cannot contravene public policy. *Id.* Vineyard and VCON both have offices in North Carolina and portions of the subcontract were negotiated there. (ECF No. 10 at 5).

The court finds that North Carolina law is not inconsistent with the FAA. It requires courts to "order the parties to arbitrate unless it finds there is no enforceable agreement to arbitrate." N.C. Gen. Stat. § 1–569.7(a)(2) (2014). There must be (1) a valid arbitration provision and (2) the dispute must be within the scope of the provision. *In re W.W. Jarvis & Sons*, 194 N.C. App. 799, 802 (2009).

**James C. Mahan**
**U.S. District Judge**

But even if Muller properly responded, the court would still compel arbitration. There is a valid arbitration agreement that covers this entire dispute. Muller concedes the validity of the subcontract. (ECF No. 1-1 ¶¶ 7, 8, 15, 21). It signed the subcontract and seeks to enforce its rights under it. (ECF No. 10 at 6); *see Raebel v. Tesla, Inc.*, 451 F. Supp. 3d 1183, 1189 (D. Nev. 2020) ("Having already admitted [in the complaint] that both Plaintiffs entered into the Agreement with Tesla, Plaintiffs cannot now claim that Wagner never assented to the Agreement.").

The subcontract unambiguously states that if "any controversy . . . with respect to any matter or thing involved in [the subcontract], or breach thereof, or the Project," cannot be settled after direct discussions and mediation, then "the dispute shall be ultimately resolved by arbitration. . . . The arbitration shall be held in Mecklenburg County, North Carolina." (Subcontract, ECF No. 15-1 at 12–13 (Section 8.8 ("Dispute Resolution"))).

Muller's claims for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment fall under the dispute resolution provision. Muller's claim for foreclosure of its mechanic's lien and its claim against VCON's surety bond fall under this provision too. Muller admits that it furnished materials and labor for the project and to secure payment, it filed its mechanic's lien and eventually made a claim against the surety bond. (ECF No. 1-1 ¶¶ 31, 32, 41, 42). It specifically alleges the damages it seeks for these two claims "constitute[] the total amount owed Plaintiff by the Defendants relative to the work that had been performed at the time of the recordation of the Lien." (*Id.* ¶¶ 32, 42). Thus, VCON's motion to compel arbitration (ECF No. 10) is GRANTED as to all five of Muller's claims.

**IV. CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Muller's motions to remand and stay this case (ECF Nos. 10, 11) be, and the same hereby are, DENIED.

IT IS FURTHER ORDERED that VCON's motions to compel arbitration and stay this case (ECF Nos. 12, 13) be, and the same hereby are, GRANTED.

James C. Mahan
U.S. District Judge

- 6 -

This case is STAYED pending the alternative dispute resolution procedures in the subcontract. The parties shall file a status report within 30 days after such procedures conclude.

The clerk shall administratively close this case.

DATED June 23, 2021.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge